UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | | |
|---|---|---|
| BENJAMIN B. FARMER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:21-cv-00153-TAV-SKL |
| | ) | |
| v. | ) | |
| | ) | |
| HOWARD L. UPCHURCH, J. CURTIS SMITH, DANIEL H. RADER, and STACY H. FARMER, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Acting pro se, Plaintiff Benjamin Farmer ("Plaintiff") filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 2, 2021. Currently before the Court is a motion to quash filed by Defendant Stacy Farmer ("Farmer") [Doc. 10]. Plaintiff's time to respond to the motion to quash has not yet expired; however, the Court has determined a response is unnecessary. *See* E.D. Tenn. L.R. 7.1 & 7.2.[1]

In the motion, Farmer asks the Court to quash three subpoenas duces tecum Plaintiff caused to be issued to two non-parties—two subpoenas to Verizon Wireless and one to First Farmers & Commercial Bank. Plaintiff seeks Farmer's bank records and phone records, as well as the phone records of an unnamed third party [*see* Doc. 10-1, Doc. 10-2, & Doc. 10-3].

---

[1] Moreover, it is unclear whether Plaintiff would have received a service copy of the motion to quash since mail to Plaintiff (at the address provided to the Court by Plaintiff) has been returned as "undeliverable" [Doc. 7]. As set forth in the Court's local rule, and as previously ordered, Plaintiff is required to notify the Court of a change in his address [Doc. 3 citing L. R. Tenn. 83.13]. The Court's local rules are available at:
https://www.tned.uscourts.gov/sites/tned/files/localrules.pdf.

Pursuant to Federal Rule of Civil Procedure 26(d)(1), with certain exceptions, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." It appears the parties have not had the requisite conference—Farmer claims they have not, and two of the four defendants have not had an attorney enter an appearance or notify the Court they plan to proceed pro se. There is nothing on the Court's docket to indicate they have been served with the summons and complaint.

Accordingly, the subpoenas clearly violate Rule 26(d)(1), and therefore must be quashed on this basis alone. Because the Court is quashing the subpoenas on Rule 26(d)(1) grounds, there is no need to address the remaining issues Farmer raises in the motion, and the Court declines to do. For the above stated reasons, Farmer's motion to quash [Doc. 10] is **GRANTED**.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE