UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | | |
|---|---|---|
| BENJAMIN B. FARMER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:21-cv-00153-TAV-SKL |
| | ) | |
| v. | ) | |
| | ) | |
| HOWARD L. UPCHURCH, J. CURTIS SMITH, DANIEL H. RADER, and STACY H. FARMER, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pro se Plaintiff Benjamin Farmer ("Plaintiff") filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 2, 2021. Allegedly, Plaintiff's claims arise in connection with a state court divorce/child custody action between Plaintiff and his wife. Currently before the Court is a motion to quash filed by Defendant Howard L. Upchurch ("Upchurch") [Doc. 13]. Plaintiff's time to respond to the motion to quash has not yet expired; however, the Court has determined a response is unnecessary. *See* E.D. Tenn. L.R. 7.1 & 7.2.[1]

In a prior Order, the Court quashed three subpoenas duces tecum Plaintiff caused to be issued to two non-parties [Doc. 15]. In the pending motion, Upchurch seeks to quash five more subpoenas duces tecum Plaintiff caused to be issued—one to Upchurch and four to non-parties.

---

[1] Moreover, it is unclear whether Plaintiff would have received a service copy of the motion to quash since mail to Plaintiff (at the address provided to the Court by Plaintiff) has been returned as "undeliverable" [Doc. 7]. As set forth in the Court's local rule, and as previously ordered, Plaintiff is required to notify the Court of a change in his address [Doc. 3 citing L. R. Tenn. 83.13]. As noted in prior orders, the Court's local rules are available at:
https://www.tned.uscourts.gov/sites/tned/files/localrules.pdf.

Pursuant to Federal Rule of Civil Procedure 26(d)(1), with certain inapplicable exceptions, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." It appears the parties have not had the requisite conference—Upchurch indicates as much, and two of the four defendants still have not had an attorney enter an appearance or proceeded pro se. Moreover, there is nothing on the Court's docket to indicate those two defendants have been served with the summons and complaint.

Accordingly, the subpoenas clearly violate Rule 26(d)(1), and therefore must be quashed on this basis alone. Because the Court is quashing the subpoenas on Rule 26(d)(1) grounds, there is no need to address the remaining issues Upchurch raises in the motion, and the Court declines to do under the circumstances.

For the above stated reasons, the motion to quash [Doc. 13] is **GRANTED**.

The Court understands the subpoenas addressed in this Order were issued prior to the Court's first ruling on this topic [Doc. 15], and that Plaintiff may not have understood the applicable rules. While it remains a pro se plaintiff's responsibility to become familiar with all applicable rules, the Court will be more explicit here: **Plaintiff is ORDERED not to seek discovery from any source before all parties have conferred as required by Rule 26(f)**. Plaintiff is also **FOREWARNED** that his failure to comply with orders of the Court, or to make a good faith effort to cooperate fully in meeting the requirements of orders of the Court, may result in the action's dismissal.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE
