UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

BENJAMIN B. FARMER,               )
                                 )
        Plaintiff,                )          No. 1:21-cv-00153-TAV-SKL
                                 )
v.                               )
                                 )
HOWARD L. UPCHURCH, *et al*.      )
                                 )
        Defendants.               )

## ORDER

Pro se Plaintiff Benjamin Farmer ("Plaintiff") filed this civil rights action pursuant to 42

U.S.C. § 1983 asserting claims in connection with his ongoing state court divorce/child custody

action. Currently before the Court is yet another a motion to quash, this one filed by Defendant

Daniel H. Rader IV ("Rader") [Doc. 18]. Plaintiff's time to respond to the motion to quash has

not yet expired; *see* E.D. Tenn. L.R. 7.1 & 7.2,[1] however, the Court has determined a response is

unnecessary as the subpoenas at issue, like the other addressed in prior Orders, clearly violate

Federal Rule of Civil Procedure Rule 26(d)(1), and must be quashed for this reason alone.

In prior Orders, the Court quashed multiple subpoenas duces tecum Plaintiff caused to be

issued to parties and non-parties [Doc. 15 & Doc. 16]. In the pending motion, Radar seeks to

quash several more subpoenas duces tecum Plaintiff caused to be issued, including two subpoenas

issued to Radar and his cell phone company, Verizon. Radar also seeks to quash two additional

---

[1]As noted in prior orders, it is unclear whether Plaintiff would have received a service copy of the
motion to quash since mail to Plaintiff (at the address provided to the Court by Plaintiff) has been
returned as "undeliverable" [Doc. 7]. As set forth in the Court's local rule, and as previously
ordered, Plaintiff is required to notify the Court of a change in his address [Doc. 3 citing L. R.
Tenn. 83.13]. As noted in prior orders, the Court's local rules are available at:
https://www.tned.uscourts.gov/sites/tned/files/localrules.pdf.

subpoenas—one to the Tennessee Supreme Court and one to Verizon for unidentified phone numbers.

Pursuant to Federal Rule of Civil Procedure 26(d)(1), with certain inapplicable exceptions, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." It appears the parties have not had the requisite conference—Radar and all other represented defendants indicate as much, and one of the four defendants still has not had an attorney enter an appearance or proceeded pro se. Accordingly, the subpoenas clearly violate Rule 26(d)(1), and therefore must be quashed. Because the Court is quashing the subpoenas on Rule 26(d)(1) grounds, there is no need to address the remaining issues Radar raises in the motion at this time, and the Court declines to do under the circumstances.

The Court understands the subpoenas addressed in this Order may have been issued prior to the Court's first ruling on this topic [Doc. 15], and that Plaintiff may not have understood the applicable rules. While it remains a pro se plaintiff's responsibility to become familiar with all applicable rules, the Court will be more explicit here: **Plaintiff is ORDERED not to issue subpoenas or otherwise seek discovery from any source before all parties have conferred as required by Rule 26(f)**. Plaintiff is also **FOREWARNED** that his failure to comply with orders of the Court will result in the action's dismissal.

The Court further understands Defendants likely will not agree to said conferral until the Court has ruled on Radar's pending motion for a protective order and stay of discovery [Doc. 20]. The Court will not address that motion until the time for all parties to respond has expired, but will temporarily suspend discovery pending resolution of the motion for a protective order and stay.

For the above stated reasons, the motion to quash [Doc. 18] is **GRANTED** and the subpoenas are **QUASHED**. Moreover, any other discovery issued by Plaintiff shall be held in

**ABEYANCE** pending resolution of Radar's pending motion for a protective order and stay of discovery.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE