UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | | |
|---|---|---|
| BENJAMIN B. FARMER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:21-cv-00153-TAV-SKL |
| | ) | |
| v. | ) | |
| | ) | |
| HOWARD L. UPCHURCH, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

# REPORT AND RECOMMENDATION

Plaintiff Benjamin Farmer filed this action pro se alleging violations of 42 U.S.C. § 1983 in connection with his ongoing state court divorce/child custody action. Each Defendant moved to dismiss Plaintiff's pro se complaint on various grounds. More than 21 days after the final motion to dismiss was filed, Plaintiff filed a professed "Amended Complaint" without the written consent of any Defendant or leave of this Court [Doc. 40].[1] Two Defendants named in the original complaint jointly moved to strike the Amended Complaint [Doc. 42]. Adopting and adding arguments, the remaining Defendants then separately filed their own motion to strike the Amended Complaint [Doc. 44 & Doc. 45].

---

[1] Among other things, the pro se Amended Complaint purports to add Bledsoe County, Tennessee as a defendant and new claims pursuant to 42 U.S.C. §§ 1985 and 1986. Plaintiff is represented by an attorney in his divorce proceedings. After the motions to strike were filed, Plaintiff filed a motion seeking admission pro hac vice of an attorney in this case [Doc. 46]. Unfortunately, the motion for admission is deficient [Doc. 47], the deficiency has not been cured, and counsel has not been admitted as a result.

Plaintiff's time to respond to the joint motion to strike has expired, and his failure to respond will be deemed a waiver of opposition to the relief requested. *see* E.D. Tenn. L.R. 7.1 & 7.2. The joint motion to strike [Doc. 42] is now ripe.

Rule 15(a)(1) of the Federal Rules of Civil Procedure allows amendments to pleadings "once as a matter of course within: (A) 21 days after serving [the pleading], or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion [to dismiss], whichever is earlier." Where an amendment is not made as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

The final of the four motions to dismiss was filed on August 9, 2021 [Doc. 36], which means Plaintiff could file his Amended Complaint as a matter of course only by the end of August. He did not do so; instead, he waited until September 13, 2021 to file the Amended Complaint. The Amended Complaint was neither filed with written consent from any Defendant nor with leave of the Court. As a result, the Amended Complaint should be stricken because it does not meet the requirements of Rule 15(a)(1). *See Harris v. Wells Fargo*, No. 18-2400-JPM-dkv, 2019 WL 3779535, at *2 (W.D. Tenn. Feb. 19, 2019). As a result, it is not necessary to address Defendants' remaining arguments concerning striking the Amended Complaint on alternative grounds.

Because the Amended Complaint does not meet the requirements of Rule 15(a), I **RECOMMEND**[2] that (1) Defendants' joint motion to strike [Doc. 42] be **GRANTED**; (2) the remaining motions to strike be **TERMINATED as MOOT** [Doc. 44 & Doc. 45]; and (3) the Amended Complaint [Doc. 40] be **STRICKEN.**

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusory and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).