UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| BENJAMIN BRILEY FARMER, | ) |
| | ) |
| Plaintiff, | ) No. 1:21-cv-00153-TAV-SKL |
| | ) |
| v. | ) |
| | ) |
| HOWARD L. UPCHURCH, *et al.* | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Before the Court are motions seeking an award of attorney fees and expenses pursuant to 42 U.S.C. § 1988, filed against Plaintiff Benjamin Farmer ("Plaintiff") by Defendants Howard L. Upchurch ("Upchurch"), Daniel H. Rader IV ("Rader"), and Stacy H. Farmer ("Farmer") (collectively, "Defendants") [Doc. 59, Doc. 61 & Doc. 73].[1] Plaintiff belatedly responded to Upchurch and Rader's motions for attorney fees [Doc. 71]. The motions are ripe, no hearing was requested, and I find a hearing is not necessary. For the reasons stated, it is recommended that the motions be granted and the Court award fees and expenses to Defendants as set forth below.

I.  BACKGROUND

Plaintiff originally filed this action pro se alleging violations of 42 U.S.C. § 1983 in connection with his ongoing state court divorce/child custody action. Plaintiff alleged violations of his federal civil rights and various state law causes of action against Upchurch—who Plaintiff

---

[1] The motions were referred pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72 [Doc. 64, Doc. 70 & Doc. 77]. In support of the motions, Defendants have filed supporting memoranda [Doc. 60, Doc. 62 & Doc. 74], and supporting affidavits/declarations [Doc. 75, Doc. 78-1 & Doc. 78-2]. After proposed findings of fact and conclusion of law were ordered [Doc. 72], Defendants filed their various proposed findings and conclusions [Doc. 76, Doc. 78]. Plaintiff filed proposed findings of fact and conclusions of law in response to those filed by Defendants [Doc. 80].

alleged was engaged in an affair with Plaintiff's ex-wife, Rader—who represented Plaintiff's ex-wife during the divorce proceeding, Farmer—Plaintiff's ex-wife, and another codefendant, Judge Curtis Smith ("Smith")—who presided over Plaintiff's divorce proceedings but is not seeking an award of attorney fees.  In summary, Plaintiff's § 1983 claim asserted deprivation of his civil rights based on the deliberate indifference to his needs, in violation of the Eighth and Fourteenth Amendments.  Plaintiff asserted, without further elaboration, that all Defendants acted under color of state law.  As the Court and parties are quite familiar with the allegations, detailed summarization is unnecessary.  Suffice it to say the Court addressed several discovery issues, stayed discovery, and eventually dismissed Plaintiff's claims on multiple grounds.  For the most part, Plaintiff failed to respond to many of Defendants' motions, including the Defendants' motions to dismiss.

While the various motions to dismiss were pending, counsel entered an appearance on behalf of Plaintiff.  And yet, as noted above, no responses to the motions to dismiss were filed.  After the Court dismissed the complaint, Plaintiff's attorney filed an untimely "Motion for New Trial" essentially claiming Plaintiff could amend his complaint to cure the deficiencies that resulted in the dismissal under Rule 12(b)(6).  The Court found that, in addition to being untimely, the motion was "entirely frivolous." [Doc. 69 at Page ID # 375].  The Court extensively discussed the allegations and theories of this case in its thorough Memorandum Opinion and Order dismissing this case and again in its Order denying Plaintiff's Motion for New Trial, which need not be repeated herein.

On January 21, 2022, Plaintiff, through his attorney, filed a late response in opposition Upchurch and Rader's motions for attorney's fees.  The belated response is 28 days late to

Upchurch's motion and nine days late to Rader's motion.² On February 1 and 2, 2022, Farmer filed her motion requesting attorney fees and expenses. All parties have filed proposed findings of fact and conclusions of law.³

## II.  PARTIES' POSITIONS

As grounds, Upchurch's motion states that even after Plaintiff's attorney met the requirements for pro hac vice admission, no response was filed to the pending motions to dismiss and that this lack of response "speaks volume(s) about the frivolous, baseless and unreasonable nature of this lawsuit, [Plaintiff's] discovery abuses and his attempt to amend his complaint beyond the Federal Rules of Civil Procedure." [Doc. 60 at Page ID # 318]. Upchurch further notes that, as the Court found, Plaintiff had notice of Defendants' alleged fraudulent actions nearly a year earlier than alleged in his complaint, which shows that "Plaintiff has made a material false statement in his Complaint," and which "proves that the Plaintiff's claims were frivolous, unreasonable, and made in bad faith." [*Id.* at Page ID # 319]. According to Upchurch, while the Court's finding regarding Plaintiff's misrepresentation in his complaint "is not necessary to award attorney [fees], such a finding clearly supports an award of attorney fees." *[Id*. at Page ID # 319].

Rader's motion states:

---

² Pursuant to applicable Local Rules, the Court may deem Plaintiff's failure to file a timely response as a waiver of any objection he may have to the requested relief. *See* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought."). However, I will address the merits given that Plaintiff eventually filed proposed findings of fact and conclusions of law in response to those filed by Defendants.

³ On January 24, 2022, an Order was issued by the undersigned to require Upchurch and Rader (1) to supplement the record with evidence of their requested fees and expenses and (2) to propose findings of fact and conclusions of law [Doc. 72]. The Order also gave Plaintiff the opportunity to respond to Defendants' filing by submitting his own proposed finding of fact and conclusions of law by no later than February 21, 2022. On February 1, 2, and 7 2022, Farmer filed her motion requesting attorney fees and expenses with supporting (corrected) proof and proposed findings and conclusions. Defendants timely supplemented the record with proposed findings of fact and conclusions of law and proof of requested fees and expenses. Plaintiff also timely filed proposed findings of fact and conclusions of law.

3

> The sheer number of reasons for which the Court dismissed the action evinces the fact that the suit was frivolous, groundless, and unreasonable. And the fact that the Court did not need to reach the other reasons urged did not diminish those reasons, and certainly this Defendant incurred time and cost in researching and presenting those matters to the Court, and were compelled to raise the issues, to avoid waiver.

[Doc. 61 at Page ID #325]. Rader argues that Plaintiff filed this matter to further "a vendetta against his ex-wife and those around her." [*Id.* at Page ID #325]. To illustrate Plaintiff's "sinister, bad faith motive," Rader recounts that at the beginning of the case, even prior to service of a summons on him, Plaintiff issued *ex parte* subpoenas to various third parties, including Verizon Wireless, the Tennessee Supreme Court, and to Rader for his cell phone for a forensic inspection by a data specialist, presumably to access Rader's attorney-client privileged communications [Doc. 61 at Page ID #326]. Rader states Plaintiff's tactics "were entirely unreasonable and completely outrageous, in violation of the applicable rules, and with no protection for the clearly overbroad desire to collect all of this Defendant's personal and professional communication, which . . . has nothing to do with Plaintiff. Collectively, Plaintiff's tactics prove Plaintiff's overt bad faith." [*Id.*].

Farmer makes similar arguments focused on the frivolous nature of the lawsuit and Plaintiff's "Motion for New Trial" [*see* Doc. 74].

Plaintiff's untimely response in opposition to the motions filed by Upchurch and Rader mostly restates Plaintiff's factual claims and argues Plaintiff's pro se status requires "latitude in consideration of sanctions," relying on a case that addresses pro se status in the context of sanctions under Rule 11 of the Federal Rule of Civil Procedure [Doc. 71 at Page ID # 379]. Plaintiff appears to argue that, because he ultimately obtained some relief from the state court handling his domestic case (where he is represented by counsel) and because Upchurch and Smith were disciplined by the State of Tennessee Board of Judicial Conduct based on his complaint, that his "improper

Case 1:21-cv-00153-TAV-SKL   Document 81   Filed 03/04/22   Page 4 of 10   PageID #: 486

statement of facts in an effort to bring said violations under federal court jurisdiction should not be grounds to impose sanctions against a Plaintiff that has been aggrieved of the state court system and is fighting to maintain his due process rights in an effort to regain custody of this (*sic*) minor children." [*Id*. at Page ID # 381-82]. Plaintiff's response completely overlooks applicable legal principles pertinent to the issues at hand and ignores that Plaintiff was represented by counsel for much of these proceedings.[4]

Plaintiff's proposed findings of fact and conclusions of law do not challenge the reasonableness of the fees claimed, the hourly rates charged, or the amount of time claimed by counsel for Defendants. Likewise, Plaintiff does not challenge the timeliness of Farmer's motion. Instead, Plaintiff reiterates the arguments made in his motion described above and adds that Defendants have not established that his claims were frivolous, groundless or unreasonable. Plaintiff fails to address the previous findings of this Court that his claims were completely without merit, his "Motion for New Trial" was "entirely frivolous," and even the facts asserted in that frivolous motion very likely could not cure the numerous deficiencies in his claims.

Given the Court's unchallenged previous holdings, I make and/or recommend the following findings of fact and conclusions of law:

### III. FINDINGS OF FACT

I make and/or recommend the following findings of fact:

1. Plaintiff filed his complaint pro se pursuant to § 1983 asserting conspiracy and fraud claims in connection with his allegations that Upchurch, acting in his capacity as General Sessions Court Judge, used his relationship with Smith to deprive Plaintiff of his rights and/or privileges concerning a temporary restraining order issued by Smith on August 2, 2019. Rader is the attorney who represented Plaintiff's wife, Farmer, in their state court divorce/child custody proceedings. Smith was the judge in Plaintiff's state court divorce until he recused himself in connection with a complaint that Plaintiff lodged with the Board

---

[4] Counsel moved for pro hac vice admission on September 29, 2021 [Doc. 46], was informed of deficiencies in his application the same day [Doc. 47], supplemented his application on October 12, 2021 [Doc. 50], and was granted pro hac admission the same day [Doc. 51].

5

of Judicial Conduct during the divorce/child custody proceedings. Upchurch is Farmer's law partner.

2. Although acting pro se when he filed this lawsuit, Plaintiff was represented by counsel in the state court divorce/child custody proceedings and eventually was represented by counsel in this case.

3. Without complying with applicable rules and procedures, Plaintiff filed untimely *ex parte* subpoenas to various third parties and discovery requests to various individual Defendants that resulted in Defendants filing motions to quash [Doc. 10, Doc. 13 & Doc. 18]. The motions to quash were granted and the subpoenas were quashed [Doc. 15, Doc. 16 & Doc. 26].

4. Plaintiff also propounded Interrogatories to Rader seeking irrelevant financial and personal information [Doc. 20]. After Defendants filed various motions to quash and stay discovery, the Court entered an Order suspending all discovery while the motion to stay discovery was fully briefed [Doc. 32]. After Plaintiff failed to respond, the Court entered an Order staying all discovery on August 17, 2021 [Doc. 38].

5. All Defendants filed dispositive motions [Docs. 24, Doc. 28, Doc. 34 & Doc. 36] in early August, 2021. On August 30, 2021, Plaintiff filed a letter with the Court stating that he was in the process of hiring legal counsel [Doc. 39]. However, less than two weeks later, Plaintiff—still proceeding pro se—filed an amended complaint, asserting additional causes of action, and attempting to add Bledsoe County, Tennessee as an additional defendant [Doc. 40]. However, Plaintiff failed to seek leave of court before filing the amended complaint. Defendants moved to strike the amended complaint [Doc. 42, Doc. 44 & Doc. 45].

6. After Plaintiff failed to respond to the motions to strike, the undersigned entered a Report and Recommendation recommending that the Court grant the motions to strike [Doc. 48].

7. After Plaintiff failed to object to the Report and Recommendation, the Court adopted it and granted the motions to strike [Doc. 52].

8. While the motions to strike were pending, Attorney Scott Hunt filed a motion to appear pro hac vice on behalf of Plaintiff [Doc. 46]. After Attorney Hunt was admitted on October 12, 2021, he made no further filings until after the case was dismissed.

9. On November 30, 2021, the Court granted Defendants' motions to dismiss, which neither Plaintiff nor his counsel had ever opposed, and entered an Order closing the case [Doc. 57 & Doc. 58].

10. On December 29, 2021, Plaintiff, through his attorney, filed a motion styled "Motion for New Trial" [Doc. 63].

11. The "Motion for New Trial" was opposed by Defendants [Doc. 65, Doc. 66, Doc. 67 & Doc. 68].

12. On January 18, 2022, the Court denied the "Motion for New Trial," which was construed as an inartful motion to alter or amend judgment under Federal Rule of Civil Procedure 59 (e) [Doc. 69]. The Court held that Plaintiff had more than sufficient opportunity to cure, if they could, the deficiencies in Plaintiff's complaint, and expressed grave doubts that the facts related in the "Motion for New Trial" "could cure the deficiencies outlined in the Court's order dismissing this case." [*id.* at Page ID # 376]. The Court declined to provide further analysis finding the motion was "frivolous" and had already "wasted a significant amount of the Court's limited time and resources." [*Id.*].

13. Plaintiff's improper discovery and litigation tactics and his failure to follow applicable rules and procedures unnecessarily increased the litigation burden and costs to Defendants and workload of the Court. Plaintiff reaped the benefits of doing so because he did nothing to respond to Defendants' motions or even alert the Court that he was seeking to engage counsel until after the Court had entered multiple Orders granting various motions. Several of the Court's Orders notified Plaintiff that it remained his responsibility to become familiar with all applicable rules while acting pro se [Doc. 15, Doc. 16 & Doc. 26].

14. Upchurch's request for an award of reasonable attorney fees of $12,867.50 is supported by the declaration of his attorney in this case, Bryan Hoss ("Hoss") [Doc. 78-2]. Hoss opines that his hourly rate ($325 per hour) and the hourly rates of his partner, Lee Davis ($400 per hour), associate attorneys at his firm ($185 per hour) and a paralegal ($100 per hour) who worked on the case, as well as the time spent on the case by each are reasonable. The blended rate for all timekeepers is $242.78 per hour. Attorney Donald J. Aho has also filed a declaration in support of Upchurch's fee request opining that the hourly rates and hours spent were reasonable and necessary to defend this case.

15. I find that the hourly rates and time spent on defense in the amount of $12,867.50 as listed in Hoss's declaration are reasonable in this geographical region and were necessary.

16. Rader's request for reasonable attorney fees of $15,140.00 ($250 per hour) is supported by the declaration of André S. Greppin ("Greppin"), Rader's attorney in this matter [Doc. 78-1]. He opines that his hourly rate and the time spent on the case were reasonable and necessary for the defense of this matter. Greppin performed nearly all of the hours of work on Rader's case with only two hours of work performed by a paralegal ($95 per hour).

17. I find that the hourly rate and time spent by Greppin and his paralegal in the defense in this matter are reasonable in this geographic region and were necessary.

18. The Court's original dismissal was entered on November 30, 2021. Farmer did not file her request for attorney fees until February 1, 2022.

19. While Farmer's request for attorney fees is somewhat confusing, it appears she seeks the amount of $6,472.00, which is supported by two declarations of her attorney in this matter,

7

Sam D. Elliott ("Elliott"), and by her own declaration [Doc. 74, Doc. 75 & Doc. 79]. As detailed in his declarations, Farmer was formerly an associate at his firm; and as a result, he billed her a complimentary rate of $250 per hour, when his normal rate for the substantial portion of his representation was $350 per hour. Elliott opines that his hourly rate for this matter, which is below market, is reasonable, and that the time spent on the case was also reasonable and necessary. On February 7, 2022, Elliot filed a second declaration [Doc. 79] which stated that his first declaration contained a "mathematical error" and omitted a September 2, 2021 billing statement for time incurred in August 2021 [Doc. 79-1], which altered the amount of time spent on the case. Farmer has filed a declaration agreeing that Elliott's time was reasonable and necessary to defend her in this case [Doc. 74-1].

20. I find that the hourly rate and time spent by Elliott in the defense of Farmer is reasonable and was necessary.

## IV. CONCLUSIONS OF LAW

I make and/or recommend the following conclusions of law:

1. Generally, federal courts follow the American Rule whereby each party bears its own attorney fees regardless of the case outcome. *Hensley v. Eckerhart*, 461 U.S. 424, 433 n.2 (1983); *Mihalik v. Pro Arts, Inc*., 851 F.2d 790, 793 (6th Cir. 1988). An exception arises where a prevailing party has a statutory right to attorney fees.

2. Title 42 U.S.C. § 1988 permits a court, in its discretion, to award attorney fees to the prevailing party in an action such as this. *See, e.g., Pouillon v. Little*, 326 F.3d 713, 716 (6th Cir. 2003). "An award of attorney's fees, whether granted under 28 U.S.C. § 1927, under 42 U.S.C. § 1988, or under the court's 'inherent powers,' rests in the sound discretion of the trial court." *Jones v. Cont'l Corp*., 789 F.2d 1225, 1229 (6th Cir.1986) (citations omitted).

3. Defendants are the prevailing parties in this case.

4. The Supreme Court has expressly held that a defendant may only recover attorney fees from the plaintiff in a § 1983 action when the plaintiff's action is "meritless in the sense that it is groundless or without foundation." *Hughes v. Rowe*, 449 U.S. 5, 14 (1980). The defendant must show that the plaintiff's "claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Id*. (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421-22 (1978)).

5. The Sixth Circuit, applying this standard, has clarified that an award of attorney fees against a losing plaintiff in a § 1983 action "is an extreme sanction, and must be limited to truly egregious cases of misconduct." *Jones*, 789 F.2d at 1232.

6. Defendants, as the prevailing parties in this § 1983 matter, have met this high standard, and attorney fees should be awarded to them for Plaintiff's continuing pursuit of

frivolous claims, whether or not they are brought in bad faith. *See Christiansburg Garment Co. v. EEOC*, 434 U.S. at 421; *Fox v. Vice*, 563 U.S. 826, 835 (2011).

7. As the Court noted in its Memorandum Opinion granting the motions to dismiss, Plaintiff alleged no set of facts that would allow him to recover [Doc. 57]. Plaintiff seems to concede this point in his proposed findings [Doc. 80 at Page ID # 480 ("The Plaintiff sought redress in this Court of perceived wrongs to him at the state court level. The Defendants properly responded to the claims and this Court ruled appropriately on those responses [Doc. 57] however, the Defendants, other than by conjecture, did not prove that the claims were brought merely to harass, cause unnecessary delay or needlessly increase the cost of litigation.").

8. Plaintiff compounded the meritless nature of his pursuit of this lawsuit by filing overbroad and premature subpoenas and other discovery requests and an improper amended complaint. Moreover, even after represented by counsel, Plaintiff failed to respond to dispositive motions.

9. After the dismissal of his complaint and while represented by counsel, Plaintiff continued his frivolous filings with a belated "Motion for New Trial." The Court has already found this filing was "frivolous" and had "wasted a significant amount of the Court's limited time and resources." [Doc. 69 at Page ID # Page ID # 376].

10. An award of attorney fees in this case is not warranted by the mere dismissal of Plaintiff's claims. Instead, an award of reasonable attorney fees is appropriate because of Plaintiff's repeated failures to respond to outstanding motions, his failure to follow understandable applicable rules and procedures, his recurring discovery abuses, the obviously frivolous nature of his filings, and his continuance of the litigation after its frivolous nature was pointed out to him by the Court. *See Garner v. Cuyahoga Cnty. Juv. Ct.*, 554 F.3d 624, 635 (6th Cir. 2009) (quoting *Christiansburg Garment Co.*, 434 U.S. at 421-22)); *see also Anderson v. Glismann*, 577 F. Supp. 1506, 1511 (D. Colo. 1984).

11. In general, Federal Rule of Civil Procedure 54 governs motions for attorney fees as well as the time within which such motions for fees must be filed. It provides that, "[u]nless a statute or a court order provides otherwise, the motion [for attorney fees] must[ ] be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B). "District courts, however, 'remain free to adopt local rules establishing timeliness standards for the filing of claims for attorney's fees.'" *Stallworth v. Greater Cleveland Reg'l Transit Auth.*, 105 F.3d 252, 257 (6th Cir. 1997) (quoting *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 454 (1982)). The Court has adopted such a local rule and requires motions for attorney fees to be filed no later than 30 days after the entry of judgment. E.D. Tenn. L.R. 54.2.

12. Defendants' motions for an award of attorney fees were timely. Under normal circumstances, Farmer's motion for attorney fees would be untimely; however, a Rule 59(e) motion tolls the time to file a motion for attorney fees. *See Miltimore Sales, Inc.*

9

*v. Int'l Rectifier, Inc*., 412 F.3d 685, 688 (6th Cir. 2005) (holding that "a timely petition for rehearing . . . tolls the running of the [appeal] period because it operates to suspend the finality of the . . . court's judgment, pending the court's further determination whether the judgment should be modified so as to alter its adjudication of the rights of the parties." (quoting *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 267 (1978))). Farmer filed her motion for attorney fees within 14 days after the denial of Plaintiff's Rule 59(e) motion, so her request for fees is timely. *See* Fed. R. Civ. P. 54; *Miltimore Sales*, 412 F.3d at 688-89 (fee motion "is timely if filed no later than 14 days after the resolution of . . . [a] Rule 59 motion."); *Epperson v. Colbert*, 679 F. App'x 410, 418 (6th Cir. 2017). Moreover, Plaintiff did not argue the motions were untimely.

## V. CONCLUSION

For the reasons stated, it is **RECOMMENDED**[5] that Defendants be **AWARDED** the following reasonable and necessary attorney fees incurred in the defense of this matter: (1) Upchurch be awarded $12,867.50; (2) Rader be awarded $15,140.00; and (3) Farmer be awarded $6,472.00. An award of expenses has not been addressed by Defendants in connection with the motions for attorney fees.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[5] Any objections to this Report and Recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a waiver of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).