UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| BENJAMIN BRILEY FARMER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 1:21-CV-153-TAV-SKL |
| HOWARD L. UPCHURCH, | ) | |
| J. CURTIS SMITH, | ) | |
| DANIEL H. RADER IV, and | ) | |
| STACY H. FARMER, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

In November 2021, this Court granted defendants' motions to dismiss this case with prejudice [Doc. 57]. Thereafter, defendants Howard Upchurch, Daniel Rader, and Stacy Farmer moved for an award of attorney's fees [Docs. 59, 61, 73]. Chief United States Magistrate Judge Susan K. Lee entered a report and recommendation ("R&R") in which she recommends that the Court grant these motions for attorney's fees [Doc. 81]. Plaintiff objected to the R&R [Doc. 82]. For the reasons explained herein, plaintiff's objections [Doc. 82] are **OVERRULED** and the R&R [Doc. 81] is **ACCEPTED AND ADOPTED IN FULL**. Defendants' motions for attorney's fees [Docs. 59, 61, 73] are therefore **GRANTED**.

This Court reviews *de novo* those portions of a magistrate judge's report and recommendation to which a party objects, unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of*

*Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have 'the duty to pinpoint those portions of the magistrate's report that the district court must specially consider.'" *Mira*, 806 F.2d at 637 (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)). "A general objection, or one that does nothing more than disagree with a magistrate judge's determination or summarize what has been presented before, is not considered a valid objection." *Payne v. Sawyer*, No. 18-cv-10814, 2020 WL 5761034, at *2 (E.D. Mich. Sept. 28, 2020) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991)). Moreover, "absent compelling reasons," parties may not "raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)); *see also Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir. 1996) ("[I]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

Plaintiff raises two objections to the R&R: (1) Defendant Farmer's request for attorney's fees is untimely; and (2) his actions while proceeding pro se, specifically, the initial filing of the complaint and subsequent subpoenas, should not be considered in considering an award of attorney's fees [Doc. 82].

First, the Court notes that, despite being represented by counsel, plaintiff filed no response to Defendant Farmer's motion for attorney's fees, and therefore, never challenged the timeliness of her motion. Although plaintiff filed a "proposed findings of fact"

2

[Doc. 80] after Defendant Farmer's motion for attorney's fees, it contained no mention of the timeliness of Defendant Farmer's motion. Plaintiff provides no explanation whatsoever for his failure to raise this issue before the magistrate judge. According, the Court finds that plaintiff failed to raise this argument before the magistrate judge and this objection is therefore waived. *See Murr*, 200 F.3d at 902 n.1.[1]

As to his pro se status during some of the underlying proceedings, the Court notes that Judge Lee acknowledged that plaintiff was acting pro se at the beginning of this proceeding [Doc. 81, p. 6]. Nevertheless, Judge Lee found that an award of attorney's fees is appropriate given the combination of "Plaintiff's repeated failures to respond to outstanding motions, his failure to follow understandable applicable rules and procedures, his recurring discovery abuses, the obviously frivolous nature of his filings, and his continuance of the litigation after its frivolous nature was pointed out to him by the Court" [*Id.* at 9]. Accordingly, it is clear that Judge Lee's recommendation is based on far more than defendant's pro se "initial filing[] of the Complaint and the subpoenas," as plaintiff contends [*See* Doc. 82, p. 2]. Ultimately, plaintiff provides no citation to law regarding the appropriateness of considering a pro se party's actions in litigating a frivolous matter and fails to address the counseled actions that the R&R relies upon for its determination that an

---

[1] Even if plaintiff had properly raised this argument previously, the magistrate judge explained that "[u]nder normal circumstances, Farmer's motion for attorney fees would be untimely; however a Rule 59(e) motion tolls the time to file a motion for attorney fees" [Doc. 81, pp. 9–10]. Plaintiff's conclusory objection provides no argument or legal citation regarding this point.

3

award of attorney's fees is appropriate. Plaintiff's objections [Doc. 82] are therefore **OVERRULED**.

For the reasons stated above, plaintiff's objections [Doc. 82] are **OVERRULED** and the R&R [Doc. 81] is **ACCEPTED AND ADOPTED IN FULL**. Defendants' motions for attorney's fees [Docs. 59, 61, 73] are **GRANTED**. Specifically, defendants are awarded attorney's fees in the following amounts: (1) $12,867.50 to Defendant Upchurch; (2) $15,140.00 to Defendant Rader; and (3) $6,472.00 to Defendant Farmer.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE